Smith, P. J.
—Action for work, labor and services. The principal question relates to the claim of the plaintiff, that the work referred to was done in pursuance of an agreement, that if the plaintiff should take possession of and occupy defendant’s farm and perform certain work thereon, consisting in drawing and spreading several stocks and heaps of straw and manure on such places and fields of said farm, as the defendant should direct, and if plaintiff did not remain in possession of and occupy said farm for the term of two years from the time of making said agreement, the defendant would pay the plaintiff for doing such work. That the plaintiff did such work and remained in possession of the farm for one year only, the defendant having requested him to remove. The answer denied the agreement set out in the complaint, and alleged that the plaintiff agreed to work defendant’s farm on shares, subject to defendant’s direction as to the work and the kinds of crops to be put in the different fields, and as a part of said work he drew out straw and old straw stacks on to a certain field of about ten acres, south of the house. And it was agreed between the parties that if there was more straw and manure than was needed on said field, plaintiff was to draw the balance on to a field for potatoes, east of the house; and if he did not stay two years, defendant was to pay him what it was worth for drawing said straw and manure on said potato field only. That plaintiff drew straw and manure on to the ten-acre field, which was sowed *58 to wheat, and plowed it under, and has his share in the wheat growing thereon, and did not draw straw or manure on to the potato field.
The referee found that the plaintiff agreed to work defendant’s farm on shares, plaintiff to have one-third and defendant two-thirds, and that the plaintiff understood that if he should draw out said straw and manure, and properly spread it on certain fields of said farm and plow it under, defendant would pay him a reasonable compensation therefor in case he did not remain on the farm a second year; that as to that part of the agreement the minds of the parties did not meet; the defendant understood that the plaintiff was to receive no compensation, unless the straw was spread out upon the field's not cropped by plaintiff, but as to' the remainder there was no misunderstanding. He also found that the plaintiff did draw out said straw and manure, and spread it under the direction of defendant and plow it under, and that the value of his services in so doing was $51.25, which sum was allowed to the plaintiff in the report of the referee, and the judgment entered thereon.
In that, we think, the referee erred. Under the pleadings, there is no ba'sis for a recovery by the plaintiff, in respect to the work referred to, except upon the agreement alleged in the complaint. Both parties aver in their verified pleadings that there was an agreement on that subject, each setting out its terms, and differing in respect to' them. Their difference as to the terms of the agreement, was the issue which the referee was appointed to try and determine. That he has not done; but, instead of doing it, he has decided another question not in the case, to wit, whether there was an agreement in regard to the work, and that question he has decided contrary to the express averment of each party in his pleading. The finding is also contrary to the proof, each party having testified there was an agreement, while their testimony was conflicting as to its terms. The general term, in the seventh judicial district, reversed a judgment for a like error, in Hammond v. McBurney, not reported. See vol. 1, cases in supreme court, March term, 1869.
Furthermore, if the referee is right in finding that the minds of the parties did not meet in respect to the drawing out and spreading of the straw and manure, there is no basis upon which the plaintiff can recover for such services, as the referee has not found that they were rendered at the defendant’s request.
Certain questions, put to plaintiff’s witnesses, as to the value of such services were objected to by the defendant, on the general grounds (among others not necessary to mention), that they were incompetent and immaterial. *59 Certain specific objections to the questions are urged by the appellant’s counsel in his brief, which were not taken at the trial, and which, if they had been taken there, might have been obviated, for aught that appears. They are, therefore, of no avail, being presented, for the first time, on appeal.
But, for the reasons above stated, the judgment should be reversed, and a new trial ordered before another referee, costs to abide event.